JUSTICE TRIEWEILER,
concurring and dissenting.
¶38 I concur with the majority’s conclusion that the jury was properly instructed on compensatory damages.
¶39 I dissent from the majority’s conclusion that Plaintiffs were not entitled to instructions on treble damages pursuant to §§ 70-16-107 and 108, MCA.
¶40 The majority opinion relies on language found at § 70-16-108, MCA, which provides that “where the trespass was casual and involuntary ... the damages are a sum equal to the actual detriment.” The majority then concludes that because the Defendant’s trespass was unintentional, treble damages are not recoverable. In other words, the majority opinion repeats the mistake made by the District Court and equates “involuntary” conduct and “unintentional” conduct. However, they are not the same.
¶41 An involuntary act is defined as follows:
“Not resulting from a free and unrestrained choice; not subject to control by the will.” Black’s Law Dictionary 833 (7th ed. 1999).
On the other hand, an “unintentional” act is “[a]n act not resulting from the actor’s will toward what actually takes place.” Black’s Law Dictionary 25 (7th ed. 1999).
¶42 The fact that the Defendant had no intent to trespass on the Plaintiffs’ land and harvest his trees simply means that that was not his purpose at the time he did so. It does not mean that he did not act voluntarily or that he was acting under duress.
¶43 Under the circumstances, I would conclude that the District Court erred when it declined to give the Plaintiffs’ proposed instruction No. 3. I would remand to the District Court for further proceedings to either retry the issue of treble damages or enter judgment in that amount in the event the uncontroverted evidence supports such an award. I dissent from the District Court’s refusal to do so.